So Ordered.

Dated: October 1, 2021



Katherine Maloney Perhach
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:                                                          Chapter 7
Margaret Ann Bach,                                   Case No. 20-23343-kmp
                          Debtor.

Margaret Ann Bach,
                          Plaintiff,

v.                                                                 Adv. No. 21-2020

Wisconsin Office of Lawyer Regulation et al.,
                          Defendants.

## DECISION AND ORDER GRANTING MOTION TO DISMISS FILED BY JPMORGAN CHASE BANK, N.A. AND FEDERAL NATIONAL MORTGAGE ASSOCIATION

Margaret Ann Bach filed an adversary complaint in her Chapter 7 bankruptcy case[1] on

February 12, 2021, requesting a determination about whether debts owed to eleven named

defendants have been discharged. These include defendants JPMorgan Chase Bank, N.A.

("Chase") and Federal National Mortgage Association ("Fannie Mae") (collectively, the

---

[1] Before filing this bankruptcy case, Ms. Bach attempted to tender a Chapter 7 bankruptcy petition on April 3, 2020. At the time, Ms. Bach had not paid a fine as ordered by the Seventh Circuit Court of Appeals (*see* Defendants' Exhibit 8) and was subject to an order in accordance with *In re: City of Chicago*, 500 F.3d 582, 585-86 (7th Cir. 2007) and *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (per curiam). That order stated, "Unless and until Bach pays her fine, the clerks of all federal courts in this circuit are directed to return unfiled any papers submitted either directly or indirectly by her or on her behalf." *Bach v. Milwaukee Cty. Circuit Court*, No. 13-3158 (7th Cir. Docket No. 34). Accordingly, the Bankruptcy Court ordered her bankruptcy petition and every filing submitted either directly or indirectly on her behalf returned to her as "unfiled." *In re Bach*, No. 20-22666-kmp (Docket No. 17). Ms. Bach then paid the fine and filed this bankruptcy case on May 7, 2020. *See Bach v. Milwaukee Cty. Circuit Court*, No. 13-3158 (7th Cir. Docket No. 43) ("Received payment of $2000.00 by Appellant Margaret Bach.").

"Defendants").  The Defendants have filed a motion to dismiss the claims filed against them for lack of subject-matter jurisdiction because the claims have been considered and rejected by a multitude of state courts and Ms. Bach's complaint is an impermissible *de facto* appeal. Alternatively, they argue that Ms. Bach has failed to state a claim upon which relief may be granted.  For the reasons stated below, the Court grants the motion.

## Legal Standard

The Defendants assert the Bankruptcy Court lacks subject-matter jurisdiction over the claims asserted in Ms. Bach's First Amended Complaint pursuant to the *Rooker-Feldman* doctrine.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  This doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the [lower federal court] proceedings commenced.'"  *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  It "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be."  *Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (quoting *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)).  "Claims that directly seek to set aside a state court judgment are *de facto* appeals that are barred without further analysis."  *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017).  Rather, a "state litigant seeking review of a state court judgment must follow the appellate process through the state court system and then directly to the United States Supreme Court."  *Kelley*, 548 F.3d at 603.  If the Court lacks subject-matter jurisdiction over a claim, the Court must dismiss it.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); Fed. R. Civ. P. 12(h)(3).  The Court "may properly look beyond the

2

jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

If the Court does have subject-matter jurisdiction over any of the claims, the Defendants seek dismissal of the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." *See* Fed. R. Bankr. P. 7012 (incorporating Rule 12(b) in adversary proceedings). Under this rule, the Court accepts as true all of the allegations in the complaint, and this factual content must be sufficient for the Court to draw the reasonable inference that the Defendants are liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Further, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal quotation marks omitted). A court considering a motion to dismiss a complaint under Rule 12(b)(6) may consider exhibits attached to the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

## I. The Court Lacks Subject-Matter Jurisdiction Over Ms. Bach's Claims Against the Defendants and Must Dismiss Them.

Ms. Bach's lengthy First Amended Complaint contains a number of grievances against eleven different people and entities, making parsing out the claims against the Defendants

difficult.[2]  However, Ms. Bach articulates several of the claims in the First Amended Complaint in almost exactly the same language as she articulated her counterclaims in two foreclosure cases in state court.

## Background

On May 30, 2012, Chase filed a complaint to foreclose the first mortgage on Ms. Bach's home (the "2012 Foreclosure Action").  Defendants' Ex. 1.  Ms. Bach filed an answer to the complaint containing counterclaims alleging: (1) unjust enrichment and equitable estoppel, claiming a Chase representative instructed her to fall behind on mortgage payments so she would qualify for a loan modification; (2) breach of contract and violation of bankruptcy laws by canceling a loan modification; (3) a "tort claim" for money damages in defending the lawsuit and for punitive damages; (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Wisconsin Consumer Act ("WCA"), by calling Ms. Bach about her mortgage; and (5) negligent infliction of emotional distress.  Defendants' Ex. 2.

At a hearing on Chase's motion to dismiss the counterclaims, Ms. Bach withdrew her "tort claim for money damages" and her WCA claim. Defendants' Ex. 5, *JPMorgan Chase Bank, N.A. v. Bach*, 2017 WI App 50, ¶ 6.  Ms. Bach also agreed that her unjust enrichment claim should be dismissed without prejudice.  *Id.*  After argument, the Milwaukee County Circuit Court dismissed Bach's negligent infliction of emotional distress claim.  *Id.*  The court denied the motion to dismiss the remaining counterclaims.  *Id.*  After a bench trial, the Circuit Court dismissed the breach of contract claim and the FDCPA claim with prejudice, but found in Ms. Bach's favor on a promissory estoppel claim and ordered Chase to offer Ms. Bach the loan

---

[2] The Defendants observe in their reply brief that Ms. Bach's response in opposition to the motion to dismiss exceeds the length permitted by Local Rule 9004(a).  The Court admonishes Ms. Bach to ensure future motions, memoranda, and briefs comply with the rule or seek prior express authorization of the Court.

modification it would have offered absent the foreclosure. *Id.* at ¶ 7. The Circuit Court also dismissed Chase's foreclosure case without prejudice. Defendants' Ex. 3.

Ms. Bach's remedy related to the counterclaims on which she was the "state court loser" was to pursue her appeals in the Wisconsin state court system. She did in fact take an appeal from the Circuit Court's decision in the 2012 Foreclosure Action, and the Wisconsin Court of Appeals affirmed the Circuit Court's decision. Defendants' Ex. 5, *JPMorgan Chase Bank, N.A. v. Bach*, 2017 WI App 50. Ms. Bach then filed a petition for review by the Wisconsin Supreme Court, which was denied. Defendants' Ex. 5, p. 19 (docket sheet); *JPMorgan Chase Bank v. Bach*, 2017 WI 90, 378 Wis. 2d 22. Finally, she filed a petition for a writ of certiorari with the United States Supreme Court, which was dismissed. Defendants' Ex. 5, p. 19 (docket sheet); *see also Bach v. JPMorgan Chase Bank, N.A.*, 138 S. Ct. 1331 (2018).[3] Thus, Ms. Bach exhausted her appeals of the 2012 Foreclosure Action and may not seek to further "appeal" the decision to this Court.

On April 30, 2018, Fannie Mae filed a complaint to foreclose the first mortgage (the "2018 Foreclosure Action"). Defendants' Ex. 6. Ms. Bach filed an answer, affirmative defenses, and counterclaims against Chase and Fannie Mae (1) alleging that her mortgages were discharged in bankruptcy; (2) alleging that the lawsuit was time barred; (3) alleging unjust enrichment, equitable estoppel, and fraud, again arguing that a Chase representative allegedly instructed her to fall behind on her mortgage payments so she would qualify for a loan modification, along with alleged violations of Wis. Stat. § 224.77 and the Multistate National

---

[3] The United States Supreme Court noted in its decision dismissing Ms. Bach's petition for writ of certiorari: "As [Ms. Bach] has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from [Ms. Bach] unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1. *See Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 113 S. Ct. 397, 121 L. Ed. 2d 305 (1992) (per curiam)."

Mortgage Settlement Agreement; (4) alleging breach of contract based on Chase's cancelation of a loan modification; (5) alleging that Chase violated the FDCPA, the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA"), and state law, by calling her about her mortgage; and (6) alleging negligent infliction of emotional distress. Defendants' Ex. 7.

The Milwaukee County Circuit Court dismissed all of Ms. Bach's counterclaims with prejudice. Defendants' Ex. 9. It also entered a judgment of foreclosure. *Id.* The property was sold at sheriff's sale on October 10, 2019 and the sale to Fannie Mae was confirmed on November 11, 2019. Defendants' Ex. 11.

Ms. Bach also took an appeal from the Circuit Court's decision in the 2018 Foreclosure Action. Defendants' Ex. 10. That appeal is still pending. *Id.* Because the *Rooker-Feldman* doctrine requires Ms. Bach to pursue her appellate rights in the manner that she did in the 2012 Foreclosure Action, through the Wisconsin state court system and then to the United States Supreme Court, the Bankruptcy Court does not have subject-matter jurisdiction over the claims that are the subject of the pending appeal of the 2018 Foreclosure Action.

### A. **The Court Dismisses Ms. Bach's Unjust Enrichment and Equitable Estoppel Claims.**

Ms. Bach's First Amended Complaint in this adversary proceeding states:

> A Chase representative told Ms. Bach to get 3-5 months behind in her mortgage to qualify for a loan modification. Ms. Bach did as directed and was promptly sued for foreclosure. Unjust enrichment and equitable estoppel apply to prevent sophisticated banks and their attorneys from taking people's homes from them through this deceptive practice . . .

First Amended Complaint, p. 37.[4] The Circuit Court dismissed an almost identically phrased counterclaim without prejudice in the 2012 Foreclosure Action. Defendants' Ex. 2, ¶ 5; Ex. 5,

---

[4] Although she is an attorney by training, Ms. Bach did not draft her First Amended Complaint using numbered paragraphs. The Court will use the page numbers assigned by the Court's CM/ECF system to refer to portions of the First Amended Complaint.

*JPMorgan Chase Bank, N.A. v. Bach*, 2017 WI App 50, ¶ 6 (stating Ms. Bach "agreed that her unjust enrichment claim should be dismissed without prejudice."). The Circuit Court dismissed an additional almost identically phrased counterclaim in the 2018 Foreclosure Action, this time with prejudice.[5] Defendants' Ex. 7, ¶ 3; Ex. 9 (order of the Milwaukee County Circuit Court stating, "FNMA's and Chase's Motion to Dismiss Bach's Counterclaims is granted. All counterclaims asserted by Bach are dismissed with prejudice and without fees or costs awarded to any party."). This order is currently on appeal in front of the Wisconsin Court of Appeals, the proper venue for a challenge of the Circuit Court's determination on Ms. Bach's claims for unjust enrichment and equitable estoppel. Defendants' Ex. 10.

Pursuant to the *Rooker-Feldman* doctrine, this Court does not have subject-matter jurisdiction over Ms. Bach's unjust enrichment and equitable estoppel claims. An order from this Court granting relief on those claims would effectively invalidate the final judgment of the state court. If this Court were to allow these claims to proceed, this case would be the functional equivalent of an appeal from the final judgment of the state court, which the *Rooker-Feldman* doctrine prohibits. As a result, Ms. Bach's unjust enrichment and equitable estoppel claims are dismissed under Rule 12(b)(1) due to lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Even if somehow this Court has subject-matter jurisdiction over these claims, these claims should still be dismissed because they are barred by claim preclusion and issue preclusion. The claims are barred by claim preclusion because the same parties were involved in

---

[5] The claim dismissed with prejudice by the Circuit Court in the 2018 Foreclosure Action stated as follows: "A Chase representative told Bach to get 3-5 months behind in her mortgage to qualify for a loan modification, because she did not qualify for any others they had at that time. Bach did as directed and was promptly sued for foreclosure. Unjust enrichment and equitable estoppel apply to prevent sophisticated banks and their attorneys from taking people's homes from them through this deceptive practice . . ."

the 2018 Foreclosure Action, the same claims were litigated in the 2018 Foreclosure Action, and a final judgment was entered on the merits by the state court in the 2018 Foreclosure Action. *See Wickenhauser v. Lehtinen*, 2007 WI 82, ¶ 22, 302 Wis. 2d 41, 734 N.W.2d 855. The claims are also barred by issue preclusion because these claims were litigated and decided in the 2018 Foreclosure Action and applying issue preclusion comports with the principles of fundamental fairness. *See In re Estate of Rille ex rel. Rille*, 2007 WI 36, ¶¶ 37-38, 300 Wis. 2d 1, 728 N.W.2d 693.

**B. The Court Dismisses Ms. Bach's Claims for Violation of the "Multistate National Mortgage Settlement Agreement," Wis. Stat. § 224.77, and for Fraud.**

Ms. Bach further asserts in the First Amended Complaint in this adversary proceeding that the Defendants' actions violated the "Multistate National Mortgage Settlement Agreement" and Wis. Stat. § 224.77. She states:

> The doctrine of "unclean hands" involves many components. Ms. Bach covered the details in her prior cases, including unjust enrichment, the Multistate National Mortgage Settlement, equitable estopple [sic], fraud, Wis. Stat.§ 224.77, implied covenant of good faith and fair dealing, as well as past and current actions by Chase counsel.

First Amended Complaint, p. 36; *see also* p. 43. The Court concurs in Ms. Bach's characterization of these claims in the First Amended Complaint against the Defendants. These claims are indeed an attempt to rehash what Ms. Bach alleged and fully litigated in the 2018 Foreclosure Action.

Ms. Bach brought a counterclaim in the 2018 Foreclosure Action asserting,

> Unjust enrichment and equitable estoppel apply to prevent sophisticated banks and their attorneys from taking people's homes from them through this deceptive practice in violation of the Multistate National Mortgage Settlement Agreement and Wis. Stat. § 224.77. Our tax dollars should not go to bail out banks deemed "to [sic] big to fail" when they do not honor their Multistate

8

> National Mortgage Settlement to provide loan modifications. Their
> [sic] actions of Chase and the Federal National Mortgage
> Association amount to fraud for how they dealt with Bach on her
> home. It should not be supported.

Defendants' Ex. 7, ¶ 3. The Circuit Court dismissed this counterclaim with prejudice.

Defendants' Ex. 9 (order of the Milwaukee County Circuit Court dismissing all counterclaims

with prejudice). This order is currently on appeal in front of the Wisconsin Court of Appeals.

Defendants' Ex. 10.

Pursuant to the *Rooker-Feldman* doctrine, this Court does not have subject-matter

jurisdiction over Ms. Bach's claims for violation of the "Multistate National Mortgage

Settlement," Wis. Stat. § 224.77, or for fraud. An order from this Court granting relief on those

claims would effectively invalidate the final judgment of the state court. If this Court were to

allow these claims to proceed, this case would be the functional equivalent of an appeal from the

final judgment of the state court, which the *Rooker-Feldman* doctrine prohibits. As a result, Ms.

Bach's claims for violation of the "Multistate National Mortgage Settlement," Wis. Stat.

§ 224.77, or for fraud are dismissed under Rule 12(b)(1) due to lack of subject-matter

jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Even if somehow this Court has subject-matter jurisdiction over these claims, these

claims should still be dismissed because they are barred by claim preclusion and issue

preclusion. The claims are barred by claim preclusion because: (1) the same parties were

involved in the 2018 Foreclosure Action; (2) the same claims were litigated in the 2018

Foreclosure Action; and (3) a final judgment was entered on the merits by the state court in the

2018 Foreclosure Action. *See Wickenhauser v. Lehtinen*, 2007 WI 82, ¶ 22, 302 Wis. 2d 41, 734

N.W.2d 855. The claims are also barred by issue preclusion because these claims were litigated

and decided in the 2018 Foreclosure Action and applying issue preclusion comports with the

principles of fundamental fairness. *See In re Estate of Rille ex rel. Rille*, 2007 WI 36, ¶¶ 37-38, 300 Wis. 2d 1, 728 N.W.2d 693.

## C. **The Court Dismisses Ms. Bach's Claim for Damages Related to Her Promissory Estoppel Claim.**

In her First Amended Complaint in this adversary proceeding, Ms. Bach asserts a claim for damages based upon Chase's alleged promise to provide her a loan modification if she fell behind on her mortgage:

> . . . both equitable and promissory estoppel should allow damages. Chase/FNMA violated [Wis. Stat. § 224. 77] by making false statements promising to provide a loan modification if Ms. Bach got behind in her mortgage to influence her to get in default, only to then foreclose. Then in continued, flagrant misrepresentation they offered a loan modification only to cancel it because Ms. Bach filed bankruptcy.

First Amended Complaint, p. 49.

Like many of her other claims, this claim was litigated in the 2012 Foreclosure Action. The Wisconsin Court of Appeals summarized her claim as follows:

> Bach contends that the circuit court should have granted her alternate promissory estoppel claim: that she defaulted because Chase told her to fall behind in her mortgage. In addition to the promise of loan modification, Bach claims that Chase also told her to fall behind in her mortgage to qualify in the first place. It is unclear what Bach hopes to accomplish with this argument; the circuit court already enforced Chase's promise to offer loan modification. As best we can tell, this is a separate effort to recover the damages she was unable to prove in connection with her other claims.
>
> This claim fails as well. Promissory estoppel requires Bach to prove (1) "the promise was one that [Chase] should reasonably have expected to induce either action or forbearance of a definite and substantial character by [Bach]," (2) "the promise did induce either action or forbearance," and (3) "enforcement of the promise is necessary to avoid an injustice." . . . The chief obstacle to Bach's claim is that the first two elements are fact questions . . . The circuit court found that the evidence did not support Bach's

10

> claim that Chase told her to fall behind in her mortgage, and it
> further concluded that any reliance by Bach was unreasonable.[6]
> And Bach fails to develop an argument – aside from unsupported,
> conclusory assertions – that these factual findings were clearly
> erroneous.

Defendants' Ex. 5, *JPMorgan Chase Bank, N.A. v. Bach*, 2017 WI App 50, ¶ 20-21. The
Wisconsin Court of Appeals affirmed the Circuit Court, the Wisconsin Supreme Court denied
Ms. Bach's petition for review, and the United States Supreme Court dismissed her petition for a
writ of certiorari. *See id.*; Defendants' Ex. 5, p. 19; *JPMorgan Chase Bank v. Bach*, 2017 WI 90,
378 Wis. 2d 22; *Bach v. JPMorgan Chase Bank, N.A.*, 138 S. Ct. 1331 (2018).

Ms. Bach brought a similar counterclaim in the 2018 Foreclosure Action. Defendants'
Ex. 7, ¶ 3. The Circuit Court dismissed this counterclaim with prejudice. Defendants' Ex. 9
(order of the Milwaukee County Circuit Court dismissing all counterclaims with prejudice). This
order is currently on appeal in front of the Wisconsin Court of Appeals. Defendants' Ex. 10.

Pursuant to the *Rooker-Feldman* doctrine, this Court does not have subject-matter
jurisdiction over this claim. An order from this Court granting relief on this claim would
effectively invalidate the final judgment of the state court. If this Court were to allow this claim
to proceed, this case would be the functional equivalent of an appeal from the final judgment of
the state court, which the *Rooker-Feldman* doctrine prohibits. As a result, this claim is also
dismissed under Rule 12(b)(1) due to lack of subject-matter jurisdiction pursuant to the *Rooker-
Feldman* doctrine.

---

[6] In a footnote, the Wisconsin Court of Appeals noted that, "In rejecting Bach's alternate theory of promissory
estoppel, the [circuit] court explained that 'it doesn't matter so much what was said to you. All real estate statute of
fraud transactions have to be in writing, Ms. Bach, when somebody tells you something. You know that. You're a
lawyer. So this is a mortgage foreclosure. These things have to be in writing. The Trial Period Payment Plan was
put in writing to you. There's no dispute that you did not make those payments timely. None. Regardless of what
you're now saying. So you were even in default under the Trial Period Payment Plan in addition to being in default
you say in reliance upon some person saying well go into default. Don't make payments. That is not something that
you as a lawyer should ever rely upon. And you know better than that.'" Defendants' Ex. 5, *JPMorgan Chase
Bank, N.A. v. Bach*, 2017 WI App 50, ¶ 21 n.10.

Even if somehow this Court has subject-matter jurisdiction over this claim, this claim should still be dismissed because it is barred by claim preclusion and issue preclusion. The claim is barred by claim preclusion because (1) the same parties were involved in the 2012 Foreclosure Action and the 2018 Foreclosure Action; (2) the same claim was litigated in the 2012 Foreclosure Action and the 2018 Foreclosure Action; and (3) a final judgment was entered on the merits by the state court in the 2012 Foreclosure Action and the 2018 Foreclosure Action. *See Wickenhauser v. Lehtinen*, 2007 WI 82, ¶ 22, 302 Wis. 2d 41, 734 N.W.2d 855. The claim is also barred by issue preclusion because this claim was litigated and decided in the 2012 Foreclosure Action and the 2018 Foreclosure Action and applying issue preclusion comports with the principles of fundamental fairness. *See In re Estate of Rille ex rel. Rille*, 2007 WI 36, ¶¶ 37-38, 300 Wis. 2d 1, 728 N.W.2d 693.

### D. <u>The Court Dismisses Ms. Bach's Claim for Violation of the Fair Debt Collection Practices Act.</u>

The First Amended Complaint in this adversary proceeding states, "Chase/FNMA violated the FCDPA [sic] in their actions regarding Ms. Bach's mortgages." *See* pp. 53-56. Ms. Bach brought a counterclaim for FDCPA violations in the 2012 Foreclosure Action. Defendants' Ex. 2, ¶ 8 ("Plaintiff, JP Morgan Chase violated the Fair Debt Collection Practices Act, and the Wisconsin Consumer Act in their actions regarding Margaret's mortgage. Margaret was called repeatedly at her home and on her cell phone even after telling the bank representative not to."). After a bench trial, the Circuit Court dismissed this counterclaim with prejudice. Defendants' Ex. 3. The Wisconsin Court of Appeals affirmed, the Wisconsin Supreme Court denied Ms. Bach's petition for review, and the United States Supreme Court dismissed her petition for a writ of certiorari. Defendants' Ex. 5, *JPMorgan Chase Bank, N.A. v. Bach*, 2017 WI App 50, ¶ 11;

Defendants' Ex. 5, p. 19; *JPMorgan Chase Bank v. Bach*, 2017 WI 90, 378 Wis. 2d 22; *Bach v. JPMorgan Chase Bank, N.A.*, 138 S. Ct. 1331 (2018).

In the 2018 Foreclosure Action, Ms. Bach brought the same counterclaim yet again. Defendants' Ex. 7, ¶ 5 ("Plaintiff, and Chase violated the Fair Debt Collection Practices Act . . . in their actions regarding Bach's mortgages. Bach was called repeatedly at her home and on her cell phone even after telling the bank representatives not to."). The Circuit Court dismissed this counterclaim with prejudice. Defendants' Ex. 9 (order of the Milwaukee County Circuit Court dismissing all counterclaims with prejudice). This order is currently on appeal in front of the Wisconsin Court of Appeals. Defendants' Ex. 10.

Pursuant to the *Rooker-Feldman* doctrine, this Court does not have subject-matter jurisdiction over Ms. Bach's claim for violation of the Fair Debt Collection Practices Act. An order from this Court granting relief on that claim would effectively invalidate the final judgment of the state court. If this Court were to allow this claim to proceed, this case would be the functional equivalent of an appeal from the final judgment of the state court, which the *Rooker-Feldman* doctrine prohibits. As a result, Ms. Bach's claim for violation of the Fair Debt Collection Practices Act is dismissed under Rule 12(b)(1) due to lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Even if somehow this Court has subject-matter jurisdiction over this claim, this claim should still be dismissed because it is barred by claim preclusion and issue preclusion. The claim is barred by claim preclusion because (1) the same parties were involved in the 2012 Foreclosure Action and the 2018 Foreclosure Action; (2) the same claim was litigated in the 2012 Foreclosure Action and the 2018 Foreclosure Action; and (3) a final judgment was entered on the merits by the state court in the 2012 Foreclosure Action and the 2018 Foreclosure Action.

13

*See Wickenhauser v. Lehtinen*, 2007 WI 82, ¶ 22, 302 Wis. 2d 41, 734 N.W.2d 855. The claim is also barred by issue preclusion because this claim was litigated and decided in the 2012 Foreclosure Action and the 2018 Foreclosure Action and applying issue preclusion comports with the principles of fundamental fairness. *See In re Estate of Rille ex rel. Rille*, 2007 WI 36, ¶¶ 37-38, 300 Wis. 2d 1, 728 N.W.2d 693.

**E.  The Court Dismisses Ms. Bach's Claim for Violation of the Telephone Consumer Protection Act ("TCPA").**

Ms. Bach's First Amended Complaint in this adversary proceeding states,

> One of the counterclaims Bach has in this case is The Telephone Act. . . Chase/FNMA violated this law when they repeatedly called Bach on her cell phone, even after she told them not to.

First Amended Complaint, p. 24. She also states that "[n]ew evidence on Chase calling her in violation of The Telephone Act should have been considered," and apparently in connection with this, "motioned the court of appeals to remand this appeal to the circuit court on the issue of newly discovered evidence." *Id*. at pp. 22, 24. She acknowledges that the Court of Appeals denied this motion. *Id.* at p. 24.

Ms. Bach brought a similar counterclaim in the 2018 Foreclosure Action. Defendants' Ex. 7, ¶ 5 ("Plaintiff, and Chase violated the . . . Telephone Act . . . in their actions regarding Bach's mortgages. Bach was called repeatedly at her home and on her cell phone even after telling the bank representatives not to."). The Circuit Court also dismissed this counterclaim with prejudice." Defendants' Ex. 9 (order of the Milwaukee County Circuit Court dismissing all counterclaims with prejudice). The order dismissing the counterclaims is currently on appeal. Defendants' Ex. 10.

Pursuant to the *Rooker-Feldman* doctrine, this Court does not have subject-matter jurisdiction over Ms. Bach's claim for violation of the Telephone Consumer Protection Act. An

14

order from this Court granting relief on that claim would effectively invalidate the final judgment of the state court. If this Court were to allow this claim to proceed, this case would be the functional equivalent of an appeal from the final judgment of the state court, which the *Rooker-Feldman* doctrine prohibits. As a result, Ms. Bach's claim for violation of the Telephone Consumer Protection Act is dismissed under Rule 12(b)(1) due to lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Even if somehow this Court has subject-matter jurisdiction over this claim, this claim should still be dismissed because it is barred by claim preclusion and issue preclusion. The claim is barred by claim preclusion because: (1) the same parties were involved in the 2018 Foreclosure Action; (2) the same claims were litigated in the 2018 Foreclosure Action; and (3) a final judgment was entered on the merits by the state court in the 2018 Foreclosure Action. *See Wickenhauser v. Lehtinen*, 2007 WI 82, ¶ 22, 302 Wis. 2d 41, 734 N.W.2d 855. The claim is also barred by issue preclusion because this claim was litigated and decided in the 2018 Foreclosure Action and applying issue preclusion comports with the principles of fundamental fairness. *See In re Estate of Rille ex rel. Rille*, 2007 WI 36, ¶¶ 37-38, 300 Wis. 2d 1, 728 N.W.2d 693.

**F. The Court Dismisses Ms. Bach's Claim for Negligent Infliction of Emotional Distress.**

Ms. Bach also includes a claim for negligent infliction of emotional distress in her First Amended Complaint in this adversary proceeding, despite having already pursued this claim in state court:

> The law of Negligent Infliction of Emotional Distress ("NIED") applies to provide Bach damages in this case as well . . . [the Defendants' actions left] Ms. Bach so frightened and stressed over

15

the possibility of losing her home she lost sleep, gained weight,
sought counseling, and it greatly diminished her enjoyment in life.

*See* First Amended Complaint, pp. 23, 56.

The Circuit Court dismissed a counterclaim for negligent infliction of emotional distress

in the 2012 Foreclosure Action.  Defendants' Ex. 2, ¶ 9; Defendants' Ex. 5, *JPMorgan Chase*

*Bank, N.A. v. Bach*, 2017 WI App 50, ¶ 6 ("the court dismissed Bach's negligent infliction of

emotional distress claim because Bach failed to allege that Chase breached any standard of

care.").  The Court of Appeals determined that Ms. Bach "fail[ed] to develop an argument that

the circuit court improperly dismissed the negligent infliction of emotional distress claim.".  *Id.*,

¶ 25 n.14.

Ms. Bach brought a virtually identical counterclaim for negligent infliction of emotional

distress in the 2018 Foreclosure Action.  Defendants' Ex. 7, ¶ 6 ("Plaintiff, and Chase's actions

led to Negligent Infliction of Emotional Distress with Bach so frightened and stressed over the

possibility of losing her home she lost sleep, gained weight, sought counseling and it greatly

diminished her enjoyment in life.").  The Circuit Court dismissed this counterclaim with

prejudice.  Defendants' Ex. 9 (order of the Milwaukee County Circuit Court dismissing all

counterclaims with prejudice).  This order is currently on appeal in front of the Wisconsin Court

of Appeals.  Defendants' Ex. 10.

Again, pursuant to the *Rooker-Feldman* doctrine, this Court does not have subject-matter

jurisdiction over Ms. Bach's claim for negligent infliction of emotional distress.  An order from

this Court granting relief on that claim would effectively invalidate the final judgment of the

state court.  If this Court were to allow this claim to proceed, this case would be the functional

equivalent of an appeal from the final judgment of the state court, which the *Rooker-Feldman*

doctrine prohibits.  As a result, Ms. Bach's claim for negligent infliction of emotional distress is

16

dismissed under Rule 12(b)(1) due to lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Even if somehow this Court has subject-matter jurisdiction over this claim, this claim should still be dismissed because it is barred by claim preclusion and issue preclusion. The claim is barred by claim preclusion because: (1) the same parties were involved in the 2018 Foreclosure Action; (2) the same claim was litigated in the 2018 Foreclosure Action; and (3) a final judgment was entered on the merits by the state court in the 2018 Foreclosure Action. *See Wickenhauser v. Lehtinen*, 2007 WI 82, ¶ 22, 302 Wis. 2d 41, 734 N.W.2d 855. The claim is also barred by issue preclusion because this claim was litigated and decided in the 2018 Foreclosure Action and applying issue preclusion comports with the principles of fundamental fairness. *See In re Estate of Rille ex rel. Rille*, 2007 WI 36, ¶¶ 37-38, 300 Wis. 2d 1, 728 N.W.2d 693.

G. **The Court Dismisses Ms. Bach's Claim that the 2018 Foreclosure Action is Time-Barred Under Wis. Stat. § 893.43.**

Ms. Bach further alleges in her First Amended Complaint that "This Suit Should Be Considered to Have Violated The Statute of Limitations." First Amended Complaint, p. 52. Presumably, Ms. Bach is referring to the 2018 Foreclosure Action when she uses the phrase "this suit." Ms. Bach asserted in the 2018 Foreclosure Action that the action was time barred under Wis. Stat. § 893.43. Defendants' Ex. 7, ¶ 2. The Circuit Court dismissed this counterclaim with prejudice. Defendants' Ex. 9 (order of the Milwaukee County Circuit Court dismissing all counterclaims with prejudice). This order is currently on appeal in front of the Wisconsin Court of Appeals. Defendants' Ex. 10.

Ms. Bach's use of the phrase "this suit" further demonstrates that her claims against the Defendants in this adversary proceeding are simply a rehash of the exact same claims that she

17

made in state court that have already been fully litigated in state court and rejected. This "claim" in this adversary proceeding is yet another attempt to appeal the Milwaukee County Circuit Court's determination using an avenue other than the Wisconsin state courts. Again, pursuant to the *Rooker-Feldman* doctrine, this Court does not have subject-matter jurisdiction over Ms. Bach's claim that the Defendants' state court foreclosure litigation against her is time barred under Wis. Stat. § 893.43. An order from this Court granting relief on that claim would effectively invalidate the final judgment of the state court. If this Court were to allow this claim to proceed, this case would be the functional equivalent of an appeal from the final judgment of the state court, which the *Rooker-Feldman* doctrine prohibits. As a result, this claim is also dismissed under Rule 12(b)(1) due to lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Furthermore, even if somehow this Court has subject-matter jurisdiction over this claim, this claim should still be dismissed because it is barred by claim preclusion and issue preclusion. The claim is barred by claim preclusion because: (1) the same parties were involved in the 2018 Foreclosure Action; (2) the same claim was litigated in the 2018 Foreclosure Action; and (3) a final judgment was entered on the merits by the state court in the 2018 Foreclosure Action. *See Wickenhauser v. Lehtinen*, 2007 WI 82, ¶ 22, 302 Wis. 2d 41, 734 N.W.2d 855. The claim is also barred by issue preclusion because this claim was litigated and decided in the 2018 Foreclosure Action and applying issue preclusion comports with the principles of fundamental fairness. *See In re Estate of Rille ex rel. Rille*, 2007 WI 36, ¶¶ 37-38, 300 Wis. 2d 1, 728 N.W.2d 693.

## II. **The Two Mortgages on Ms. Bach's Property Were Not Discharged in Bankruptcy.**

Ms. Bach's belief that the two mortgages on her home were "discharged" in bankruptcy underlies many of the claims she seeks to bring against the Defendants in this adversary proceeding. Indeed, Ms. Bach's First Amended Complaint requests a determination from this Court about whether debts owed to the eleven named defendants, including Chase and Fannie Mae, have been discharged. Ms. Bach begins her complaint by stating, "Margaret Bach files this complaint under the Federal Rule of Bankruptcy Procedure 7001(f) and (i)." She presumably means Rules 7001(6) and 7001(9) of the Federal Rules of Bankruptcy Procedure and that her case is "a proceeding to determine the dischargeability of a debt" and "a proceeding to obtain a declaratory judgment relating to [a proceeding to determine the dischargeability of a debt]".

Ms. Bach begins the section of her complaint that addresses Chase and Fannie Mae with the heading, "The First And Second Mortgage Should Be Discharged, And Sanctions Imposed On Chase And Parties Who Illegally Tried To Take Her Home." First Amended Complaint, p. 21. Part of the relief she requests is for the Court to "Discharge Both Mortgages And Sanction Chase, FNMA, And The Parties Who Ignored The Previous Bankruptcy Discharge (12-20450-BEH)." *Id.* at p. 58.

The Bankruptcy Court has already told Ms. Bach that the two mortgages on her house were not discharged in Case No. 12-20450-beh (the "2012 Bankruptcy Case"). In 2019, Ms. Bach filed a motion in her 2012 Bankruptcy Case to "reopen her bankruptcy and consider the facts and law to make clear her full first and second mortgage were discharged in her 2012 Chapter 7 bankruptcy." 2012 Bankruptcy Case, Docket No. 14. The Bankruptcy Court denied the motion, reasoning:

> Reopening this case would be futile, because the Court cannot
> provide the relief that debtor seeks: clarification that her full first

19

and second mortgage were discharged in her 2012 Chapter 7 bankruptcy. Although the debtor did receive a Chapter 7 discharge of her personal liability, the mortgages were not discharged, and the lien on the debtor's property remained after the debtor received the Chapter 7 discharge. *See Dewsnup v. Timm*, 502 U.S. 410, 417 (1992) (liens pass through bankruptcy unaffected, staying with real property until foreclosure). The Chase documents filed by the debtor, particularly Chase's January 30, 2019 letter, accord with such a reading of the bankruptcy code and caselaw interpreting it. CM-ECF Doc. No. 14. Therefore, the Court cannot release the lien that remains on the debtor's property, and reopening this case to hear a motion for discharge injunction violation would be futile, because the Court cannot afford the relief sought by the debtor.

Defendants' Ex. 13; 2012 Bankruptcy Case, Docket No. 15.

In her First Amended Complaint in this adversary proceeding, Ms. Bach argues that "the contract Chase provided Bach," a letter discussing reaffirmation of a debt, "makes this case different" than the ordinary case in which liens and other secured interests survive bankruptcy. First Amended Complaint, p. 28. This is not a new argument. Ms. Bach made the same argument to the Bankruptcy Court in her motion to reopen her 2012 Bankruptcy Case. Defendants' Ex. 12; 2012 Bankruptcy Case, Docket No. 14 at pp. 3-5 (argument), pp. 10-12 (copy of letter). Judge Hanan ruled against her and Judge Stadtmueller dismissed her appeal because it was in violation of the *Mack* order imposed on her by the Seventh Circuit Court of Appeals. Defendants' Exs. 13-14; *Bach v. Ludwig, et al.*, Case No. 19-CV-1208-JPS (E.D. Wis. Sept. 18, 2019); *see also supra* footnote 1. Ms. Bach cannot relitigate an issue that has already been decided.

Judge Hanan's statement in Ms. Bach's 2012 bankruptcy case that her mortgages were not discharged applies with equal force in Ms. Bach's 2020 bankruptcy case. Nothing has changed. Although Ms. Bach did receive a Chapter 7 discharge of her personal liability in her 2020 bankruptcy case, the mortgages were not discharged. *See Dewsnup v. Timm*, 502 U.S. 410,

417 (1992) (liens pass through bankruptcy unaffected, staying with real property until foreclosure).  Ms. Bach's mortgages were not discharged in her 2012 bankruptcy case and they were not discharged in her 2020 bankruptcy case either.  Additionally, it must be noted that all right, title, and interest to the property vested in Fannie Mae upon confirmation of the sheriff's sale.  *See* Wis. Stat. § 846.16(2m)(as); Defendants' Ex. 11.  For these additional reasons, the claims asserted by Ms. Bach against Chase and Fannie Mae are dismissed.

## Conclusion

The complaint before this Court is the latest in a long line of attempts by Ms. Bach to stall, delay, and obstruct the foreclosure of her property.  Due to a lack of subject-matter jurisdiction over her claims in this adversary proceeding because of the *Rooker-Feldman* doctrine, this Court must dismiss her claims against Chase and Fannie Mae pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  If this Court somehow has subject-matter jurisdiction over Ms. Bach's claims against Chase and Fannie Mae, her claims are dismissed because they are barred by claim preclusion and issue preclusion.  Additionally, and according to very clear precedent from the United States Supreme Court, the mortgages granted by Ms. Bach on her property were not discharged in her 2020 bankruptcy case, and any claims premised on an alternate conclusion equally and miserably fail.  Accordingly,

IT IS THEREFORE ORDERED:  the motion to dismiss brought by JPMorgan Chase Bank, N.A. and Federal National Mortgage Association is granted.

IT IS FURTHER ORDERED:  all claims asserted against JPMorgan Chase Bank, N.A. and Federal National Mortgage Association in the First Amended Complaint are dismissed with prejudice.

#####