So Ordered.

Dated: June 8, 2022



*Katherine M. Perhach*
Katherine Maloney Perhach
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br>Margaret Ann Bach,<br>    Debtor. | Chapter 7<br>Case No. 20-23343-kmp |

| | |
|---|---|
| Margaret Ann Bach,<br>    Plaintiff,<br>v.<br>Office of Lawyer Regulation et al.,<br>    Defendants. | Adv. No. 21-2020 |

**DECISION AND ORDER GRANTING STATE OF WISCONSIN
OFFICE OF LAWYER REGULATION'S MOTION FOR SUMMARY JUDGMENT**

   In this adversary proceeding, Debtor-Plaintiff Margaret Ann Bach has asked the Court to determine that her Chapter 7 bankruptcy discharged the debt that she owes to the State of Wisconsin Office of Lawyer Regulation ("OLR") for the costs associated with her attorney disciplinary proceeding. For the reasons more fully stated below, the Court grants OLR's Motion for Summary Judgment and determines that the debt owed by Ms. Bach to OLR in the amount of $14,765.09 was not discharged in Ms. Bach's Chapter 7 bankruptcy case.

**Background**

   The undisputed facts in this action are straightforward. On November 29, 2016, the Wisconsin Supreme Court issued a decision publicly reprimanding Ms. Bach for her professional misconduct. *In the Matter of Disciplinary Proceedings Against Margaret Bach, Attorney at Law*, 2016 WI 95, 372 Wis. 2d 187 (per curiam), *cert. denied sub nom. Bach v. Wisconsin Office of Lawyer Regulation*, 137 S. Ct. 1823, 1824 (2017); *see also* Declaration of Michael Morris ¶ 3, Ex. A (Docket No. 79). The supreme court ruled that Ms. Bach knowingly disobeyed a court

order in violation of Wisconsin Supreme Court Rule 20:3.4(c) by continuing to file lawsuits related to her son and continuing to communicate with her son's health care providers in contravention of an injunction issued by the Milwaukee County Circuit Court. *Bach*, 2016 WI 95 at ¶¶ 31-33. The supreme court further ruled that Ms. Bach knowingly disobeyed a court order in violation of Wisconsin Supreme Court Rule 20:3.4(c) by ordering confidential transcripts of guardianship hearings in contravention of an order entered by the Milwaukee County Circuit Court. *Id.* The supreme court disciplined Ms. Bach with a public reprimand, noting that "Attorney Bach's deliberate violation of court orders is serious professional misconduct that requires a public reprimand." *Id.* at ¶¶ 36, 40. The supreme court ordered Ms. Bach to pay to OLR the costs of the proceeding, which were $14,765.09. *Id.* at ¶¶ 37, 41. The Clerk of the Supreme Court of Wisconsin entered a Disciplinary Judgment for Costs in the same amount on November 30, 2016. Morris Dec. ¶ 4, Ex. B.

## Analysis

The issue before this Court is whether Ms. Bach's Chapter 7 bankruptcy discharged the debt that she owes to OLR for the costs imposed by the Wisconsin Supreme Court for the attorney disciplinary proceeding against her. There is no genuine dispute as to any material fact. As a matter of law and under binding Seventh Circuit precedent, the costs imposed by the Wisconsin Supreme Court were not discharged in Ms. Bach's bankruptcy case because 11 U.S.C. § 523(a)(7) excepts such costs from discharge. Consequently, this Court grants OLR's motion for summary judgment.

Section 523(a) sets forth the types of debts that are excepted from a Chapter 7 discharge. Section 523(a)(7) creates a discharge exception "to the extent [the] debt [in question] is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a [particular] tax penalty." *Osicka v. Office of Lawyer Regulation*, 25 F.4th 501, 505 (7th Cir. 2022). In other words, a debt is not discharged if (1) the debt is payable to and for the benefit of a governmental unit; (2) the debt is for a fine, penalty, or forfeiture; and (3) the debt does not compensate the government for an actual pecuniary loss. 11 U.S.C. § 523(a)(7).

Ms. Bach does not dispute that her debt is payable to and for the benefit of a governmental unit. Docket No. 146, p. 2. She does, however, contest that the debt she owes to OLR is "for a fine, penalty, or forfeiture" and further argues that the debt she owes to OLR is "compensation for actual pecuniary loss" and thus dischargeable.

Ms. Bach's first argument, that the debt she owes to OLR is not "for a fine, penalty, or forfeiture," is contrary to a recent decision from the Seventh Circuit. The Seventh Circuit recently ruled that a cost order entered by the Wisconsin Supreme Court as part of an attorney disciplinary proceeding was a "penalty" within the meaning of § 523(a)(7). *Osicka*, 25 F.4th at 506-07. A "penalty" is a "[p]unishment imposed on a wrongdoer" that can take the form of a "sum of money exacted as punishment for either a wrong to the state or a civil wrong." *Id.* at 506 (citation omitted). If the Wisconsin Supreme Court finds that an attorney committed

misconduct, it "may assess against the respondent all or a portion of the costs of a disciplinary proceeding in which misconduct is found . . ." Wis. SCR 22.24(1). While the rule states that it is the court's "general policy" upon "a finding of misconduct" to "impose all costs" upon the respondent in the disciplinary proceeding, the rule gives the court discretion to "reduce the amount of costs imposed." Wis. SCR 22.24(1m). In exercising its discretion in assessing costs, the court considers the nature of the misconduct, the number of charges, the attorney's disciplinary history, and the attorney's cooperation with the disciplinary process, amongst other factors. *Id.* In *Osicka*, the Seventh Circuit held that "the structure of Rule 22.24(1m) unambiguously singles out attorney discipline as a penal endeavor." *Osicka*, 25 F.4th at 506. That conclusion "has a statutory consequence under § 523(a)(7)" because "§ 523(a)(7) creates a 'broad exception' to dischargeability for all 'penal sanctions.'" *Id.* (citing *Kelly v. Robinson*, 479 U.S. 36, 51 (1986)).

Ms. Bach attempts to avoid the holding of the *Osicka* case – that a cost order entered by the Wisconsin Supreme Court as part of an attorney disciplinary proceeding is a "penalty" within the meaning of § 523(a)(7) – by trying to distinguish the facts of her case from those in *Osicka*. She claims that she "did not harm clients, have misconduct cases 5 times before the Office of Lawyer regulation, or refuse to cooperate with the OLR as Osicka did." Docket No. 156.

However, the facts of Ms. Bach's case do not make the costs assessed against her any less of a "penalty" than the cost order in *Osicka*. The Wisconsin Supreme Court made a specific "finding of misconduct" against Ms. Bach which justified the imposition of costs against her. *Bach*, 2016 WI 95 at ¶ 36 ("Attorney Bach's deliberate violation of court orders is serious professional misconduct that requires a public reprimand."). Ms. Bach's "actions as the biological and loving mother" were deemed to be "a mitigating factor in assessing appropriate discipline." *Id.* at ¶ 35. In assessing costs against her, the supreme court agreed with the referee and held that "nothing about this case warrants deviating from our general policy of imposing all costs upon the respondent." *Id.* at ¶ 37. Wisconsin's disciplinary rule, which requires a finding of misconduct before an attorney in a disciplinary proceeding is assessed costs, "unambiguously singles out attorney discipline as a penal endeavor." *Osicka*, 25 F.4th at 506. Like in *Osicka*, the debt owed by Ms. Bach to OLR for the cost order entered by the Wisconsin Supreme Court as part of the attorney disciplinary proceeding against Ms. Bach was a "penalty" within the meaning of § 523(a)(7).

Having met the first two statutory conditions of § 523(a)(7), the only question left for this Court to decide is whether the debt Ms. Bach owes to OLR is "compensation for actual pecuniary loss." If the debt that Ms. Bach owes to OLR for the costs of her attorney disciplinary proceeding "is not compensation for actual pecuniary loss," then the debt that she owes to OLR has not been discharged in her bankruptcy case.

Ms. Bach argues that the costs assessed against her by the Wisconsin Supreme Court for her attorney disciplinary proceeding compensate OLR for an "actual pecuniary loss" because the costs equal the expenses OLR incurred in prosecuting her. The trouble with this argument is that it too has been soundly rejected by the Seventh Circuit. *Osicka*, 25 F.4th at 507. The Seventh

3

Circuit has held that a cost order entered by the Wisconsin Supreme Court as part of an attorney disciplinary proceeding did not compensate the government for an actual pecuniary loss and thus the cost order was not discharged in the debtor's bankruptcy case. *Id.* The attorney faced with disciplinary costs in *Osicka* made the same argument that Ms. Bach makes in this case, that "disciplinary costs are nothing but compensatory because they 'defray' the OLR's operating expenses" and "[the] cost order reflects the OLR's expenses 'to the penny.'" *Id.* The Seventh Circuit was "not convinced" and instead held that "the incurrence of operating expenses to prosecute a disciplinary investigation is not an actual pecuniary loss." *Id.* In reaching this conclusion, the Seventh Circuit defined an "actual pecuniary loss" as "the disappearance or diminution of something having monetary value resulting from the real and substantial destruction of property, which usually occurs in an unexpected or relatively unpredictable way and often because of another's misconduct." *Id.* Applying that definition to the facts in *Osicka*, the Seventh Circuit held that:

> The OLR's use of its operating budget to investigate and prosecute attorneys for potential malfeasance falls outside of this definition. This is because the OLR simply expended money that it had already allocated "in the furtherance of its public responsibilities," *In re Zarzynski*, 771 F.2d at 306, which include "disciplinary investigations and actions." Wis. Stat. § 20.680(3)(h). The OLR's use of its operating budget neither resulted in the disappearance or diminution of value, nor the real and substantial destruction of property. It was instead "an expenditure by the government, part of the expense of governing" that was not undertaken "expecting to create a debtor-creditor relationship"—the exact use of the funds contemplated by Wisconsin law. *In re Zarzynski*, 771 F.2d at 306; see also Wis. Stat. § 20.680(3)(h).

*Id.* Like in *Osicka*, the debt owed by Ms. Bach to OLR for the cost order entered by the Wisconsin Supreme Court as part of the attorney disciplinary proceeding against Ms. Bach "is not compensation for actual pecuniary loss." Having met all three statutory conditions of § 523(a)(7), the debt that Ms. Bach owes to OLR for the costs of her attorney disciplinary proceeding was not discharged in her bankruptcy case.

Ms. Bach devotes most of her briefing to an argument that this Court should "void" the October 2012 Wisconsin state court order (one of the two orders that the Wisconsin Supreme Court found that she "knowingly disobeyed"), and the Wisconsin Supreme Court's order publicly reprimanding her and requiring her to pay the costs of her disciplinary proceeding. Ms. Bach argues that if the October 2012 Wisconsin state court order is void, then her "punishment by the OLR for not obeying it" is also void. Docket No. 146, p. 4; Docket No. 156, p. 1. She further asserts, "[b]efore this bankruptcy court can make any ruling on the discharge of the OLR debt, they [sic] must consider if Ms. Bach did in fact disobey a valid court order and deserve the $14,765 debt." Docket No. 146 at p. 2.

The Court rejects Ms. Bach's collateral attack on the October 2012 Wisconsin state court order and on the Wisconsin Supreme Court's order publicly reprimanding her and requiring her to pay the costs of her disciplinary proceeding to OLR. Ms. Bach cannot relitigate matters in this Court that have already been litigated and decided in state court. The *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the [lower federal court] proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (citation omitted). It "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be." *Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (quoting *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)). "Claims that directly seek to set aside a state court judgment are *de facto* appeals that are barred without further analysis." *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). Rather, a "state litigant seeking review of a state court judgment must follow the appellate process through the state court system and then directly to the United States Supreme Court." *Kelley*, 548 F.3d at 603.

Ms. Bach cannot relitigate in this Court the matters that were decided by the Wisconsin state court in 2012 or the Wisconsin Supreme Court in its decision publicly reprimanding Ms. Bach and assessing the costs of the disciplinary proceeding against her. Her remedy related to the 2012 Wisconsin state court order was to appeal to the Wisconsin Court of Appeals. Her remedy related to the Wisconsin Supreme Court's order was to pursue an appeal with the United States Supreme Court. Notably, she filed a petition for a writ of certiorari seeking review of the Wisconsin Supreme Court's order, which the United States Supreme Court promptly denied. *Bach v. Wisconsin Office of Lawyer Regulation*, 137 S. Ct. 1823, 1824 (2017). Having exhausted her appeals of the Wisconsin Supreme Court's order publicly reprimanding her and requiring her to pay the costs of her disciplinary proceeding to OLR, Ms. Bach may not seek to further "appeal" that decision to this Court.[1]

For the reasons stated above, Ms. Bach's debt to OLR for the costs of her attorney disciplinary proceeding meets all of the statutory conditions of § 523(a)(7) and thus, as a matter of law, was not discharged in her bankruptcy case. Accordingly,

---

[1] It is worth noting that the Seventh Circuit Court of Appeals has rejected at least two of Ms. Bach's federal lawsuits attacking the validity of Wisconsin probate orders under the *Rooker-Feldman* doctrine. *See Bach v. Milwaukee Cty.*, 490 F. App'x 806, 807, 2012 WL 3010938, at *1 (7th Cir. 2012) (holding that Ms. Bach "cannot have a federal court appoint her as Aaron's guardian. That would directly upset a decision of the state court, and federal courts (other than the Supreme Court) lack the authority to review and countermand decisions of state courts in civil cases."); *Bach v. Milwaukee Cty. Cir. Ct.*, 565 F. App'x 531, 534-35 (7th Cir. 2014) (noting that Ms. Bach "has abused the judicial process by filing multiple frivolous suits, many of which, like this one, could not succeed unless the court were prepared to ignore the outcome of her earlier suits . . . [Ms. Bach] is a lawyer, but her litigation reflects refusal to recognize that established law, such as . . . the limits of federal jurisdiction under the *Rooker-Feldman* doctrine, and the doctrines of preclusion, apply to her."). It is also worth noting that this Court has also dismissed Ms. Bach's claims against other defendants in this adversary proceeding based upon the *Rooker-Feldman* doctrine and the doctrines of claim preclusion and issue preclusion. *See Bach v. JPMorgan Chase Bank, N.A., et al. (In re Bach)*, Case No. 20-23343-kmp, Adv. No. 21-2020, 2021 WL 4514680 (Bankr. E.D. Wis. Oct. 1, 2021), *appeal docketed*, No. 21-CV-1394 (E.D. Wis. Dec. 8, 2021).

IT IS THEREFORE ORDERED: the State of Wisconsin Office of Lawyer Regulation's Motion for Summary Judgment is granted.

IT IS FURTHER ORDERED: the debt owed by Debtor-Plaintiff Margaret Ann Bach to the Office of Lawyer Regulation in the amount of $14,765.09 is excepted from Ms. Bach's Chapter 7 discharge pursuant to 11 U.S.C. § 523(a)(7).

IT IS FURTHER ORDERED: the Clerk is directed to enter judgment accordingly.

#####