So Ordered.

Dated: July 1, 2022



Katherine Maloney Perhach
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 7 |
| Margaret Ann Bach, | Case No. 20-23343-kmp |
|         Debtor. | |

| | |
|---|---|
| Margaret Ann Bach, | |
|         Plaintiff, | |
| v. | Adv. No. 21-2020 |
| Milwaukee County, | |
| Jeaneen Mardak, Sandra Butts, | |
| Geri Lyday, Kevin Madson, et al., | |
|         Defendants. | |

**DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS MILWAUKEE COUNTY, JEANEEN MARDAK, SANDRA BUTTS, GERI LYDAY, AND KEVIN MADSON**

Debtor Margaret Bach filed a Chapter 7 bankruptcy case in January 2012 and received a discharge in April 2012. She filed another Chapter 7 bankruptcy case in May 2020 and received a discharge in August 2020. She has filed this adversary proceeding in her 2020 bankruptcy case alleging that Milwaukee County, Jeaneen Mardak, Sandra Butts, Geri Lyday, and Kevin Madson (collectively, the "Milwaukee County Defendants") have violated the discharge injunction. She claims that all of the Milwaukee County Defendants violated the discharge injunction because they were named by Federal National Mortgage Association as additional defendants in its 2018 foreclosure lawsuit against Ms. Bach. She further claims that Sandra Butts violated the discharge injunction because: (1) she was named by JPMorgan Chase Bank, N.A. ("Chase") as an additional defendant in Chase's 2012 foreclosure lawsuit against Ms. Bach; (2) an attorney

filed a notice of appearance on Ms. Butts' behalf in Chase's 2012 foreclosure lawsuit and filed four letters in that case stating that he did not intend to appear at the scheduled motion hearings; and (3) an attorney filed a Notice of Demand for Surplus on Ms. Butts' behalf in Chase's 2012 foreclosure lawsuit, asserting a claim to any surplus funds remaining after the proceeds of any sheriff's sale were applied to Chase's foreclosure judgment. There is no genuine dispute as to any material fact. As a matter of law, the Milwaukee County Defendants have not violated the discharge injunction. Consequently, this Court grants the Milwaukee County Defendants' motion for summary judgment and dismisses all of the claims that have been asserted against them.

## Undisputed Facts

### I. The Judgments in Favor of the Milwaukee County Defendants

1. On July 8, 2010, the Milwaukee County Circuit Court entered a judgment in Case No. 2009-CV-16167 in favor of the Milwaukee County Defendants and against Ms. Bach and her son, Aaron Bach, in the amount of $963.65. Declaration of Christopher L. Morgan, ¶ 4, Ex. 1000, p. 7 ("Judgment entered per the order of the court in favor of Defendants Milwaukee County and Jeaneen Dehring and Kevin Madson and Sandra Butts and Geri Lyday and against Plaintiffs Margaret Bach and Aaron Back [sic] in the amount of $963.65 for Bill of Costs and for dismissal of all claims in their entirety without prejudice."). The judgment was docketed the same day. *Id.*

2. On November 4, 2011, the Milwaukee County Circuit Court entered a judgment in Case No. 2009-CV-16167 in favor of the Milwaukee County Defendants and against Ms. Bach, in the amount of $6,389.08. Morgan Decl. ¶ 5, Ex. 1000, p. 18 ("Judgment entered in favor of the defendants, Milwaukee County, Jeaneen Dehring, Kevin Madson, Sandra Butts and Geri Lyday against the plaintiff, Margaret Bach in total amount of $6,389.08."). The judgment was docketed the same day. *Id.*

### II. Ms. Bach's 2012 Bankruptcy Case

3. On January 17, 2012, Ms. Bach filed a Chapter 7 bankruptcy case. *In re Bach*, No. 12-20450-beh (the "2012 Bankruptcy Case").

4. Ms. Bach recognized the existence of both of the judgments in favor of the Milwaukee County Defendants in the schedules in her 2012 Bankruptcy Case.

    a. She scheduled a "7-8-10 judgment against Margaret + Aaron Bach on case # 2009CV016167" in favor of Milwaukee County in the amount of $964, with the note that "50% is Aaron's." *Id.*, Docket No. 7 at 14.

    b. She also scheduled the $6,389.08 judgment in favor of Jeaneen Dehring, Gerri Lyday, Sandra Butts, Kevin Madson, and Milwaukee County as a

2

"Judgment on case # 2009CV16167, but overruled by Appellate Court."[1]
*Id.* at 17; First Amended Complaint, Docket No. 22 at 69.

5.      On April 23, 2012, Judge Pepper entered an order granting Ms. Bach a Chapter 7 discharge "under section 727 of title 11, United States Code."  Case No. 12-20450-beh, Docket No. 9.  The "Explanation of Bankruptcy Discharge in a Chapter 7 Case" included with the order stated that the discharge "prohibits any attempt to collect from the debtor a debt that has been discharged. . . . However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case."  *Id.*

## III.    Chase's 2012 Foreclosure Case

6.      On May 30, 2012, after Ms. Bach received her Chapter 7 discharge, Chase filed a foreclosure lawsuit against Ms. Bach in Milwaukee County Circuit Court, Case No. 12-CV-5927 (the "2012 Foreclosure Case").  Morgan Decl. ¶ 7, Ex. 1001.  Chase sought to foreclose its mortgage on Ms. Bach's property located at 10321 W. Manitoba Street, West Allis, Wisconsin (the "Property").

7.      Chase also named Sandra Butts, one of the Milwaukee County Defendants in this adversary proceeding, as an additional defendant in the 2012 Foreclosure Case.  Morgan Decl. ¶ 8.

8.      None of the other Milwaukee County Defendants in this adversary proceeding were named as defendants in the 2012 Foreclosure Case.

9.      Counsel for Ms. Butts filed the following documents on behalf of Ms. Butts in the 2012 Foreclosure Case:

    a.      A Notice of Appearance dated May 24, 2013 (Ms. Bach's Brief in Opposition to Milwaukee County's Motion for Summary Judgment, Docket No. 149 at p. 9-10, Ex. 2; Morgan Decl. ¶ 7, Ex. 1001 at p. 17-18);

    b.      Four letters stating that Ms. Butts would not be appearing at certain hearings (Ms. Bach's Brief in Opposition to Milwaukee County's Motion for Summary Judgment, Docket No. 149 at p. 11-14, Ex. 3-6; Morgan Decl. ¶ 7, Ex. 1001 at p. 5, 15-17); and

---

[1] It is unclear what Ms. Bach meant by stating that the judgment was "overruled by Appellate Court."  The docket sheet shows that four appeals were taken in Case No. 2009-CV-016167, but none of them resulted in a reversal of the circuit court.  In No. 10-AP-1560, the Wisconsin Court of Appeals dismissed the appeal and the Wisconsin Supreme Court dismissed a petition for review.  Morgan Decl. ¶¶ 4-5, Ex. 1000 at p. 14.  The court of appeals dismissed Nos. 11-AP-469 and 11-AP-2369.  *Id.* at p. 14, 19.  In No. 12-AP-0442, the court of appeals affirmed the circuit court and the Wisconsin Supreme Court denied a petition for review.  *Id.* at p. 19.

      c.     A Notice of Demand for Surplus dated June 11, 2013 (Ms. Bach's Brief in Opposition to Milwaukee County's Motion for Summary Judgment, Docket No. 149 at p. 7-8, Ex. 1; Morgan Decl. ¶ 7, Ex. 1001 at p. 17).

10.     The Notice of Demand for Surplus read as follows:

> PLEASE TAKE NOTICE that Sandra Butts hereby makes a claim, in the amount of the judgment, lien or other security interest in the subject property, to any surplus funds remaining after the proceeds of the sheriff's sale have been applied to the plaintiff's foreclosure judgment, except that Sandra Butt's [sic] claim for unpaid real estate taxes (if any) is superior to the claim of the plaintiff under the mortgage.

*Id.*

11.     On December 22, 2014, the Milwaukee County Circuit Court dismissed the 2012 Foreclosure Case without prejudice.  Morgan Decl. ¶¶ 7, 9, Ex. 1001 at p. 10.

## IV.    Fannie Mae's 2018 Foreclosure Case

12.     On April 30, 2018, Federal National Mortgage Association ("Fannie Mae") filed a foreclosure lawsuit against Ms. Bach in Milwaukee County Circuit Court, Case No. 18-CV-3702 (the "2018 Foreclosure Case").  *Id.* at ¶ 10, Ex. 1002.  Prior to the commencement of the 2018 Foreclosure Case, Chase had assigned the mortgage on the Property to Fannie Mae.  *See Federal National Mortgage Association v. Bach*, Case No. 2019-AP-631, 2022 WL 1218203, *2 n.5 (Wis. Ct. App. April 26, 2022).

13.     Fannie Mae named all five Milwaukee County Defendants as additional defendants in the 2018 Foreclosure Case.  Morgan Decl. ¶¶ 10-11, Ex. 1002.

14.     None of the Milwaukee County Defendants filed a notice of appearance, attended any of the court proceedings, or filed a demand for surplus in the 2018 Foreclosure Case.  *Id.* at ¶¶ 10, 12, Ex. 1002.

15.     In March 2019, the Milwaukee County Circuit Court entered a foreclosure judgment in favor of Fannie Mae and dismissed Ms. Bach's counterclaims.  *Id.* at ¶ 10, Ex. 1002, p. 11-12.

16.     On March 28, 2019, Ms. Bach filed a notice of appeal to the Wisconsin Court of Appeals.  *Id.* ¶ 10, Ex. 1002, p. 10.

17.     The Property was sold at sheriff's sale and the Milwaukee County Circuit Court confirmed the sale on November 11, 2019.  *Id.* ¶ 10, Ex. 1002, p. 5.

18.     On April 26, 2022, the Wisconsin Court of Appeals affirmed the Milwaukee County Circuit Court, holding that the court "did not err when it dismissed Bach's counterclaims." *See Federal National Mortgage Association v. Bach*, Case No. 2019-AP-631, 2022 WL 1218203, *23 (Wis. Ct. App. April 26, 2022).

19.     On May 25, 2022, Ms. Bach filed a petition for review with the Wisconsin Supreme Court.

## V.     Ms. Bach's 2020 Bankruptcy Case

20.     On May 7, 2020, Ms. Bach filed another Chapter 7 bankruptcy case. *In re Bach*, No. 20-23343-kmp (the "2020 Bankruptcy Case").

21.     On August 11, 2020, the Court entered an order granting Ms. Bach a discharge under 11 U.S.C. § 727. *Id.* at Docket No. 31. The "Explanation of Bankruptcy Discharge in a Chapter 7 Case" included on the order stated, "This order means that no one may make any attempt to collect a discharged debt from the debtors personally. . . . However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated."

## VI.    Ms. Bach's Adversary Proceeding

22.     On February 12, 2021, Ms. Bach commenced this adversary proceeding against a number of defendants, including the Milwaukee County Defendants.

23.     On March 22, 2021, Ms. Bach filed her First Amended Complaint in which she made the following allegations against the Milwaukee County Defendants:

   a.     "Previously discharged debts from Ms. Bach's previous bankruptcy are still being sought by [the Milwaukee County Defendants] brought up in the foreclosure suit, which is part of this bankruptcy, so should also be addressed." First Amended Complaint, Docket No. 22, p. 3 of 103.

   b.     "[The 2012 Bankruptcy Discharge] also shows why the other defendants listed in this case should not be parties, for any claims they may have had were discharged as well [listing of the Milwaukee County Defendants] Bach tried to get these other parties discharged by motioning Judge Noonan and providing the copy of her bankruptcy, but the Court refused to address it." *Id.* p. 25-26 of 103.

   c.     "The parties who had any interest discharged in the 2012 bankruptcy, namely [the Milwaukee County Defendants], must be fined for being included on this third foreclosure in this bankruptcy. As Ms. Bach's 2020 Chapter 7 Discharge states: 'no one may make any attempt to collect a

discharged debt from the debtors . . . Creditors who violate this order can be required to pay debtors damages and attorney fees.'" *Id.* p. 29 of 103.

> d. Relief requested: "Sanction Chase, FNMA, and The Parties Who Ignored The Previous Bankruptcy Discharge (12-20450-BEH): Milwaukee County, Jeaneen Dehring, Sandra Butts, Geri Lyday, and Kevin Madson." *Id.* p. 58 of 103.

24. In her Brief Opposing the Milwaukee County Defendants' Motion for Summary Judgment, Ms. Bach further alleges that the Milwaukee County Defendants violated the discharge injunction by filing a Notice of Appearance, by filing letters stating that they would not be appearing at hearings, and by filing the Notice of Demand for Surplus in the 2012 Foreclosure Case. Docket No. 149, Ex. 1-6. She also faults the Milwaukee County Defendants for "not removing themselves as parties [in the 2012 Foreclosure Case and the 2018 Foreclosure Case]." *Id.*

25. The Milwaukee County Defendants request that this Court grant their motion for summary judgment, find that there has been no violation of the discharge injunction, and dismiss all of the claims that have been asserted against them by Ms. Bach.

## <u>Analysis</u>

When a debtor receives a discharge in bankruptcy, the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). If a party violates the discharge injunction, a debtor may seek to have the court find that party in contempt. 11 U.S.C. §§ 105, 524(a)(2). "[A] court may hold a creditor in civil contempt for violating a discharge order if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019) (emphasis in original).

In determining whether a creditor has violated the discharge injunction, a court must determine: (1) whether the debt at issue was discharged; (2) whether the creditor took some action in violation of the discharge injunction; and (3) if the creditor did take some action in violation of the discharge injunction, whether there is "no fair ground of doubt" as to whether the discharge order barred the creditor's conduct. *In re Henricks*, 632 B.R. 744, 768 (Bankr. W.D. Wis. 2021) (citing *Taggart*, 139 S. Ct. at 1799); *In re Weinhold*, 393 B.R. 623, 628 (Bankr. E.D. Wis. 2008). Ms. Bach bears the burden to prove that the Milwaukee County Defendants violated the discharge injunction by clear and convincing evidence. *In re Sterling*, 933 F.3d 828, 832 (7th Cir. 2019).

6

At the outset, this Court must determine which discharge order Ms. Bach is asserting has been violated by the Milwaukee County Defendants: the discharge order entered by Judge Pepper in 2012 in Case No. 12-20450 or the discharge order entered by this Court in 2020 in Case No. 20-23343. All of the allegations against the Milwaukee County Defendants post-date the 2012 discharge order and predate the 2020 discharge order, so Ms. Bach is clearly seeking to hold the Milwaukee County Defendants in contempt of the 2012 discharge order entered by Judge Pepper. Even though Ms. Bach is seeking to hold the Milwaukee County Defendants in contempt of an order entered by another judge, this Court still has the authority to determine whether to hold the Milwaukee County Defendants in contempt of that order. *Green Point Credit, LLC v. McLean (In re McLean)*, 794 F.3d 1313, 1319 (11th Cir. 2015) (holding that bankruptcy court had jurisdiction to entertain motion for contempt in debtor's second bankruptcy case for violation of discharge injunction in debtor's first bankruptcy case "irrespective of the case number of, or the judge who might have presided over, the prior proceeding."); *see also Cox v. Zale Delaware, Inc.*, 239 F.3d 910 (7th Cir. 2001).

Additionally, the Court will consider Ms. Bach's request to hold the Milwaukee County Defendants in contempt in the context of her adversary proceeding, despite the fact that the request should have been brought as a motion. *See* Fed. R. Civ. P. 9005. Rule 9020 of the Federal Rules of Bankruptcy Procedure states that "Rule 9014 governs a motion for an order of contempt made by . . . a party in interest," and Rule 9014(a) states that "relief shall be requested by motion." The Milwaukee County Defendants have not objected to the procedure Ms. Bach used to bring claims against them. Declining to reach the merits of Ms. Bach's request on the grounds that it was brought in the form of an adversary complaint rather than a motion would elevate form over substance in a manner that would not serve the interests of justice. Any procedural defect in this particular action is harmless. If anything, the rules and process attendant to this adversary proceeding afforded the Milwaukee County Defendants with more robust "notice and opportunity for hearing" than the rules attendant to a contested matter. *See, e.g.*, Fed. R. Bankr. P. 9014(c) (applying only certain rules applicable in adversary proceedings in contested matters).

In determining whether the Milwaukee County Defendants have violated the discharge injunction, the Court must first determine whether the debt at issue was discharged. At the time of the filing of Ms. Bach's 2012 Bankruptcy Case, Ms. Bach owed the Milwaukee County Defendants two debts: one for the judgment entered on July 8, 2010 in the amount of $963.65 and the other for the judgment entered on November 4, 2011 in the amount of $6,389.08 (collectively, the "Judgments"). Under Wisconsin law, when the two judgments were docketed, they became liens on the real property owned by Ms. Bach in Milwaukee County, namely the Property. Wis. Stat. § 806.15.[2]

---

[2] Wisconsin Statute § 806.15(1) provides: "Every judgment properly entered in the judgment and lien docket showing the judgment debtor's place of residence shall, for 10 years from the date of entry, be a lien on all real property of every person against whom the judgment is entered which is in the county where the judgment is rendered, except homestead property that is exempt from execution under s. 815.20, and which the person has at the time of the entry or which the person acquires thereafter within the 10-year period."

A bankruptcy discharge order discharges personal liability, but does not discharge or remove a lien upon property of a debtor. *Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991) ("A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. *See* 11 U.S.C. § 727. However, such a discharge extinguishes only 'the personal liability of the debtor.' 11 U.S.C. § 524(a)(1). Codifying the rule of *Long v. Bullard*, 117 U.S. 617, 6 S. Ct. 917, 29 L. Ed. 1004 (1886), the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy.")[3] Consequently, Ms. Bach's personal liability for the Judgments was discharged when the discharge order was entered in her 2012 Bankruptcy Case. However, the Milwaukee County Defendants' liens against the Property were not discharged when the discharge order was entered in her 2012 Bankruptcy Case.

The "Explanation of Bankruptcy Discharge in a Chapter 7 Case" included with Ms. Bach's 2012 discharge order informed Ms. Bach that her bankruptcy discharge order discharged personal liability, but did not discharge or remove a lien upon her Property. It stated that the discharge "prohibits any attempt to collect from the debtor a debt that has been discharged. . . . However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case." *In re Bach*, No. 12-20450-beh (Bankr. E.D. Wis. April 23, 2012) (Docket No. 9).[4]

By its terms, the discharge injunction only prohibits efforts to collect debts "as a personal liability of the debtor." 11 U.S.C. § 524. Thus, actions taken by the Milwaukee County Defendants to collect the judgment debt as a personal liability of Ms. Bach might violate the discharge injunction, but any actions taken by the Milwaukee County Defendants to enforce their judgment liens against the Property would not violate the discharge injunction.

In determining whether the Milwaukee County Defendants have violated the discharge injunction, the Court must next examine the actions taken by the Milwaukee County Defendants, viewing the facts in the light most favorable to Ms. Bach. Ms. Bach claims the following four violations of the discharge injunction:

    (1)    the Milwaukee County Defendants violated the discharge injunction because they were named by Fannie Mae as additional defendants in the 2018 Foreclosure Case

---

[3] *See also* 4 Collier on Bankruptcy ¶ 524.02 (16th ed. 2022) ("Creditors are not prevented from postdischarge enforcement of a valid lien on property of the debtor that existed at the time of the entry of the order for relief, if the lien was not avoided under the Code."); Ginsberg & Martin on Bankruptcy, § 3.07[E] ("the discharge will not extinguish liens that have not been avoided in the bankruptcy case."); 3 Norton Bankr. L. & Prac. 3d § 58:4 ("§ 524 does not bar the creditor from enforcing a valid, prebankruptcy lien or security interest against property that has been retained by the estate or by the debtor after discharge. . . . Any lien not invalidated or avoided survives the debtor's discharge.").

[4] The "Explanation of Bankruptcy Discharge in a Chapter 7 Case" included on the discharge order in Ms. Bach's 2020 Bankruptcy Case advised her of the same thing: "This order means that no one may make any attempt to collect a discharged debt from the debtors personally. . . . However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated."

against Ms. Bach and did not take any actions "to remove themselves as defendants" in that litigation;

(2) Sandra Butts violated the discharge injunction because she was named by Chase as an additional defendant in Chase's 2012 Foreclosure Case against Ms. Bach and did not take any actions "to remove [herself] as [a] defendant" in that litigation;

(3) Sandra Butts violated the discharge injunction because her attorney filed a notice of appearance on her behalf in Chase's 2012 Foreclosure Case and filed four letters in that case stating that he did not intend to appear at the scheduled motion hearings; and

(4) Sandra Butts violated the discharge injunction because her attorney filed a Notice of Demand for Surplus on her behalf in Chase's 2012 Foreclosure Case, asserting a claim to any surplus funds remaining after the proceeds of any sheriff's sale were applied to Chase's foreclosure judgment.

The Milwaukee County Defendants did not take any action in violation of the discharge injunction when Fannie Mae named them as additional defendants in its 2018 Foreclosure Case against Ms. Bach. Sandra Butts also did not take any action in violation of the discharge injunction when Chase named her as an additional defendant in its 2012 Foreclosure Case. Ms. Bach's claims seem to reflect a fundamental misunderstanding as to what was discharged in her 2012 Bankruptcy Case. Her personal liability on the Judgments was discharged. The judgment liens on her Property in favor of the Milwaukee County Defendants were not. Any actions taken by the Milwaukee County Defendants to enforce their liens against the Property did not violate the discharge injunction because their liens were not discharged.[5]

Ms. Bach's claims also reflect a fundamental misunderstanding of Wisconsin foreclosure law. The Milwaukee County Defendants' judgment liens against her Property were not discharged in Ms. Bach's 2012 Bankruptcy Case. As a result, those judgment liens remained on the Property when Chase and Fannie Mae went to foreclose their senior mortgage on the Property. To foreclose the junior judgment liens held by the Milwaukee County Defendants, and to obtain clear title to the Property upon the completion of the foreclosure cases, Chase and Fannie Mae had to name the Milwaukee County Defendants as defendants in the foreclosure proceedings. In general, foreclosure of a mortgage terminates liens that are junior to the mortgage being foreclosed, but only if the junior lienholders are named as defendants. *See, e.g., Carolina Builders Corp. v. Dietzman*, 2007 WI App 201, ¶ 28, 304 Wis. 2d 773, 791 ("Case law

---

[5] It is worth noting that Ms. Bach has submitted no evidence that the Milwaukee County Defendants actually took any actions to enforce their liens against the Property in the 2018 Foreclosure Case. Ms. Bach has not alleged that the Milwaukee County Defendants filed a notice of appearance, attended any of the court proceedings, or filed a demand for surplus in the 2018 Foreclosure Case. As stated in the Milwaukee County Defendants' Declaration in support of their Motion for Summary Judgment, the Milwaukee County Defendants took no such actions in the 2018 Foreclosure Case. *See* Morgan Decl. at ¶¶ 10, 12, Ex. 1002.

9

clearly establishes that a mortgage foreclosure action does not extinguish the lien of a lienholder that is not a party to the action."); *Wisconsin Fin. Corp. v. Garlock*, 140 Wis. 2d 506, 513 (Ct. App. 1987) ("The failure to join a subordinate lien holder to a foreclosure action does not void the proceedings, but instead leaves the subordinate lien holder with the same rights that he would have had at the commencement of the foreclosure proceedings."); *see also* Wis. Stat. § 846.16(2m)(as) (the sheriff's deed, given upon confirmation of the foreclosure sale, vests in the purchaser "all the right, title and interest of the mortgagor" and is a "bar to all claim, right of equity of redemption therein, of and *against the parties to such action*."). Chase and Fannie Mae named the Milwaukee County Defendants as additional defendants in their foreclosure cases. The Milwaukee County Defendants did not take any action at all. Being named by Chase and Fannie Mae as defendants in the 2012 Foreclosure Case and the 2018 Foreclosure Case in no way constituted an action by the Milwaukee County Defendants to collect a discharged debt from Ms. Bach "as a personal liability of the debtor."

Ms. Bach further claims that the Milwaukee County Defendants should have taken some action to have themselves removed as parties from the foreclosure cases. This argument again ignores the fact that the Milwaukee County Defendants' judgment liens were not discharged in the 2012 Bankruptcy Case. It also ignores the fact that Chase and Fannie Mae were required to name the Milwaukee County Defendants as defendants in their foreclosure cases if they wanted to obtain clear title to the Property upon completion of the foreclosure. The fact that the Milwaukee County Defendants did not "remove themselves as defendants" after having been named as additional defendants in the foreclosure cases by Chase and Fannie Mae does not constitute a violation of the discharge injunction.

Ms. Bach also asserts that Sandra Butts violated the discharge injunction when her attorney filed a notice of appearance on her behalf in Chase's 2012 Foreclosure Case and filed four letters in that case stating that he did not intend to appear at the scheduled motion hearings. This argument again ignores the fact that the Milwaukee County Defendants' judgment liens were not discharged in the 2012 Bankruptcy Case. At most, any action by Ms. Butts in the 2012 Foreclosure Case was an attempt to enforce the judgment lien, but not an attempt to collect a debt from Ms. Bach personally. But really, the actions taken by Ms. Butts' attorney in filing a notice of appearance and four letters stating that he did not intend to appear at motion hearings were not attempts to enforce the judgment lien or to collect a debt. They simply demonstrated an awareness of the pending lawsuit and an attempt to monitor the litigation in which Ms. Butts was named as an additional defendant by the plaintiff to strip the County's judgment lien from the Property. These filings do not violate the discharge injunction.

Ms. Bach also asserts that Sandra Butts violated the discharge injunction when her attorney filed a Notice of Demand for Surplus on her behalf in Chase's 2012 Foreclosure Case, asserting a claim to any surplus funds remaining after the proceeds of any sheriff's sale of the Property were applied to Chase's foreclosure judgment. Section 846.162 of the Wisconsin

Statutes permits a junior lienholder to make a claim to any surplus funds.[6]  As emphasized throughout this decision, the Milwaukee County Defendants' judgment liens were not discharged in Ms. Bach's 2012 Bankruptcy Case.  The express language of the Notice of Demand for Surplus filed by Ms. Butts demonstrates that Ms. Butts was merely making a claim in the amount of the lien on the Property and was not attempting to collect a discharged debt from Ms. Bach personally.  The Notice stated:

> PLEASE TAKE NOTICE that Sandra Butts hereby makes a claim, in the amount of the judgment, lien or other security interest in the subject property, to any surplus funds remaining after the proceeds of the sheriff's sale have been applied to the plaintiff's foreclosure judgment, except that Sandra Butt's [sic] claim for unpaid real estate taxes (if any) is superior to the claim of the plaintiff under the mortgage.

Ms. Butts made a claim in the amount of the lien on the Property, recognizing that the Milwaukee County Defendants' judgment liens were not discharged in Ms. Bach's 2012 Bankruptcy Case.  Ms. Butts sought to collect the amount of the lien from the proceeds of the sale of the Property at sheriff's sale, to the extent any were available.  The Notice does not suggest anything about attempting to seek payment of a debt from Ms. Bach.  Rather, it was filed to seek payment based on an interest in the Property from proceeds of the sale of the Property.  Ms. Butts' filing of the Notice of Demand for Surplus was an attempt to recover from property subject to a lien, not an attempt to collect a debt as a personal liability of the debtor, and it does not constitute a violation of the discharge injunction.

Because the Court finds that the Milwaukee County Defendants have not taken any actions in violation of the discharge injunction, the Court denies Ms. Bach's request to hold the Milwaukee County Defendants in contempt.

## Conclusion

Ms. Bach complains that the Milwaukee County Defendants violated the discharge injunction when they sought to collect a debt after it was discharged in her 2012 Bankruptcy Case.  Ms. Bach fails to recognize the distinction between collecting a discharged debt as a personal liability of the debtor, which may be a violation of the discharge injunction, and enforcing a valid lien on property, which is not a violation of the discharge injunction.  The Milwaukee County Defendants did not take any actions in violation of the discharge injunction when they were named as additional defendants in the 2018 Foreclosure Case.  Ms. Butts did not take any actions in violation of the discharge injunction when she was named as an additional

---

[6] Wisconsin Statute § 846.162 provides in pertinent part:  "If there shall be any surplus paid into court by the sheriff or referee, any party to the action or any person not a party who had a lien on the mortgaged premises at the time of sale, may file with the clerk of court into which the surplus was paid, a notice stating that the party or person is entitled to such surplus money or some part thereof, together with the nature and extent of the party's or person's claim."

11

defendant in the 2012 Foreclosure Case, when her attorney filed a notice of appearance and four letters advising the court of his intent not to appear at certain hearings, or when her attorney filed the Notice of Demand for Surplus. Any actions taken by the Milwaukee County Defendants to enforce their judgment liens against the Property did not violate the discharge injunction because their judgment liens were not discharged. Accordingly,

IT IS THEREFORE ORDERED: the Motion for Summary Judgment filed by Milwaukee County, Jeaneen Mardak, Sandra Butts, Geri Lyday, and Kevin Madson is granted.

IT IS FURTHER ORDERED: all claims against Milwaukee County, Jeaneen Mardak, Sandra Butts, Geri Lyday, and Kevin Madson are dismissed.

IT IS FURTHER ORDERED: the Clerk is directed to enter judgment accordingly.

#####